[No. 13065.  Department Two. — July 17, 1891.]

## J. PEYRE, Appellant, v. THE MUTUAL RELIEF SOCIETY OF THE FRENCH ZOUAVES, Respondent.

Corporations — Benevolent Association — Suspension of Member — Appeal to Body of Corporators — Action for Damages. — A member of an incorporated benevolent association cannot maintain an action against the association to recover damages on account of his suspension for misconduct, under a provision of the by-laws, where such suspension has been affirmed upon an appeal taken by himself, under the constitution of the society, to the whole body of the members of the corporation; and it is immaterial whether the facts upon which the determination was predicated justified the suspension or not.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Louis F. Dunand*, and *Lindley & Eickhoff*, for Appellant.

The complaint states a cause of action for damages for a tortious suspension of plaintiff from membership in the defendant society. (*State* v. *Lipa*, 28 Ohio St. 665; *Washington Beneficial Society* v. *Bacher*, 20 Pa. St. 429; Niblack on Mutual Benefit Societies, sec. 83; Civ. Code, sec. 3281.) The intentions and motives of the representatives of the corporation are to be imputed to the corporation. (*Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal. 48, 53, et seq.; 91 Am. Dec. 672; *Hagan* v. *Providence etc. R. R. Co.*, 3 R. I. 88; Boone on Corporations, secs. 78, 80.) There is no wrong without a remedy. (*Ashby* v. *White*, 2 Ld. Raym. 953.) The right to membership in a

mutual benefit association is property. (*Gorman* v. *Russell*, 14 Cal. 538; Civ. Code, sec. 600; *Otto* v. *Jour. Tailors' P. & B. Union*, 75 Cal. 314; 7 Am. St. Rep. 156.) Plaintiff is not bound by the judgment of the society, it being irregular and without jurisdiction. (Wells on Res Adjudicata, secs. 5, 13, 14; Freeman on Judgments, secs. 252, 262; *People* v. *New York Cotton Exchange*, 8 Hun, 219, 220; *Evans* v. *Philadelphia Club*, 50 Pa. St. 107; *In re Butchers' Beneficial Ass'n*, 35 Pa. St. 151.) Where the ground of expulsion has no immediate relation to a member's corporate duty, but is for an offense against the law of the land, or is of a mixed nature, there must be a previous conviction by jury under the law of the land. (Angell and Ames on Corporations, sec. 412; *Commonwealth* v. *St. Patrick Benev. Soc.*, 2 Binn. 441–448; 4 Am. Dec. 453; *People* v. *Medical Society*, 32 N. Y. 187–194; *Roehler* v. *Mechanics' Aid Soc.*, 22 Mich. 86–91.) Where the proceedings had were irregular, and the action was malicious, and not *bona fide*, the proceedings will not be sustained. (Hirschl on Fraternities and Societies, 55; *Otto* v. *Journeymen Tailors' Protective and Benevolent Union*, 75 Cal. 314; 7 Am. St. Rep. 156.) The facts must show a right of expulsion, otherwise the society cannot shield itself. (*Society etc.* v. *Commonwealth*, 52 Pa. St. 125–134; *Commonwealth* v. *German Soc.*, 15 Pa. St. 251.) If the proceedings were wrong or irregular, the courts will give appropriate redress. (*Evans* v. *Philadelphia Club*, 50 Pa. St. 107–117; *Fisher* v. *German Soc.*, 15 Pa. St. 251; *Commonwealth* v. *St. Patrick Benev. Soc.*, 2 Binn. 441–448; 4 Am. Dec. 453; *Erd* v. *Nat. Aid and Relief Ass'n*, 67 Mich. 236; *Wachtel* v. *Noah W. & O. Soc.*, 84 N. Y. 28; 38 Am. Rep. 478; *People* v. *M. M. P. Union*, 118 N. Y. 101.)

*A. Comte, Jr.,* and *John J. Roche,* for Respondent.

The action of a benevolent society in giving or refusing assistance to its members is not reviewable by the

courts. (*Anacosta Tribe R. M.* v. *Murbach,* 13 Md. 911; 71 Am. Dec. 625; *Black and White Smiths' Soc.* v. *Van Dyke,* 2 Whart. 308; 30 Am. Dec. 263; *Osceola Tribe* v. *Schmidt,* 57 Md. 105.) To recover damages, plaintiff must have sustained a pecuniary loss or injury. (Weeks on Damnum Absque Injuria, sec. 5.) The society acted judicially, and its sentence is conclusive. (*Black and White Smiths' Soc.* v. *Van Dyke,* 2 Whart. 312; 30 Am. Dec. 263; *Anacosta Tribe* v. *Murbach,* 13 Md. 911; 71 Am. Dec. 625; *Osceola Tribe* v. *Schmidt,* 57 Md. 106; *Burt* v. *Grand Lodge F. & A. M.,* 44 Mich. 208; *Rice* v. *Board of Trade,* 80 Ill. 134; *Schmidt* v. *A. L. Lodge,* 84 Ky. 490; *Chamberlain* v. *Lincoln,* 129 Mass. 70; *Olery* v. *Brown,* 51 How. Pr. 92; *White* v. *Brownell,* 2 Daly, 329.)

Foote, C. — The plaintiff sued the defendant, a corporation of which he was a member, for damages. The complaint was demurred to as showing no cause of action. The demurrer was sustained, and the plaintiff refusing to amend, final judgment went in favor of the defendant, from which the plaintiff prosecutes this appeal.

The corporation appears from the complaint to be a benevolent association " for a purpose where pecuniary profit is not their object." It has no capital stock, nor any property, except five thousand dollars in cash, a fund made up of sums received from time to time of its members, from fees, fines, and assessments, which fund is under the control of the association, "to be used by it for benevolent purposes, to wit, in and about pecuniarily aiding and sustaining those of its members who become sick or distressed."

It is not alleged that the plaintiff is either sick or distressed.

One of the articles of the constitution or instrument of association of the corporation is:—

"article liii.

"A member who violates one of his or any of his obligations towards the society, who is found guilty of intemperance whilst he receives benefits, who lends himself to habits tending to call forth, either upon himself or the society, contempt or reproach, shall be, for the said facts and reasons, responsible to the society, and upon proof shall, according to the decision of the society, be condemned to pay a fine, suspended, expelled, or released of his trust if holding a position of trust," etc.

By virtue of this article the plaintiff was suspended from membership in this benevolent association for the period of five years, and on this account he seeks to recover, in this action, damages against the corporation in the sum of ten thousand dollars, alleged to have resulted from the sentence of suspension rendered against him.

The offense charged against him by one of the members of the association, although called "forgery" in a communication to the society signed by the member making the charge, appears to have been that of false impersonation in a matter between the association and the French authorities, where the plaintiff, in assuming to conduct its business as a member of the society, had falsely represented himself to the French minister of foreign affairs as the "captain in command of the company of French zouaves." This charge, it seems, the society determined to be true, and that it was such misconduct as warranted the association in holding it a breach, by the plaintiff, of his obligation against the society, and punished him by suspension. The defendant, being a private corporation formed by the voluntary association of its members, not for pecuniary profit, but for benevolent purposes, had the right to provide in its by-laws for the suspension of a member for misconduct. (Civ. Code, sec. 599, subd. 4.)

The plaintiff not only submitted himself and his case to the jurisdiction of the judiciary committee of the

society, which was appointed under the "rules of conduct" of the corporation, but when the association, as a body, had acted on the report of that committee, and had, by a vote of thirty-six ayes to twenty noes, adjudged him guilty as charged, he, in accordance with those "rules of conduct," *took an appeal* under the fifty-seventh article of the constitution of the society, that the cause might be reheard by the whole body of the members of the corporation. This appeal came on to be heard before the members of the corporation, and was rejected, and notice thereof was given to the plaintiff. It is plain that the jurisdiction was complete on the part of the members of the corporation to hear and determine the matter in hand. The procedure seems to have been, substantially, that prescribed by the constitution and "rules of conduct," and if any irregularity took place, it was for the tribunal to which the plaintiff submitted himself to correct it. But if we were to admit that on the statements in the complaint the defendant was improperly and unlawfully suspended, and that he ought to be reinstated as a member of the association, and that this can be done by a writ of mandate upon a proper showing, still, there is no ground for an action of damages shown in the complaint. The plaintiff claims that his admission into the society was by virtue of a contract, which contention is without any force. He was admitted into the association because the members thereof chose to have him become a member, and when they, in accordance with their constitution and "rules of conduct," determined that he had violated his obligation to the society, in the commission of the misconduct charged against him, they virtually declared that they wished their association with him to end for five years, and carried their will into effect. This is no ground for damages, even if the facts upon which this determination was predicated do not justify it. For if the plaintiff's view were to prevail, then the twenty members of

the corporation who were the friends of the plaintiff, and voted against his suspension, would become as responsible for any alleged damage as those who had voted to suspend him. We know of no case where any such manifest injustice has been declared to be lawful, and we are satisfied that none can be found.

We are of opinion that the demurrer was properly sustained, and that the judgment should be affirmed, and so advise.

Fitzgerald, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.